**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

| | | |
|---|---|---|
| CLARENCE W. BILBREW, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION H-04-2075 |
| | § | |
| PATRICIA CORONA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**<u>MEMORANDUM AND ORDER</u>**

Pending before the Court are Defendants Edison and Corona's Motion for Summary Judgment (Docket Entry No. 32), and Plaintiff's Motion for Denial and Court Assistance in Presenting of Evidence in Opposition to Defendants' Motion for Summary Judgment (Docket Entry No. 39).

**I. BACKGROUND**

Plaintiff, a Texas prisoner, filed a civil rights complaint raising claims concerning the conditions of his confinement. On November 15, 2004, this Court conducted a hearing under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). This Court dismissed several of Plaintiff's claims under 28 U.S.C. § 1915(e)(2)(B) because they lack an arguable basis in law and are frivolous. This Court retained for further proceedings

1

Plaintiff's claim of retaliation concerning his transfer from the Jester III Trustee Camp and his claim of retaliation concerning his subsequent transfer from the Jester III Unit. Defendants move for summary judgment on those two claims.

## II. DEFENDANTS' SUMMARY JUDGMENT MOTION

Defendants show the following in their summary judgment papers: Plaintiff was assigned to the Jester III Unit on December 16, 2000. (Exh. A, Wedgeworth aff., p.1). He remained there about 16 months. *Id*. On March 31, 2004, prison officials gave Plaintiff a medical transfer to receive hospital care. *Id*. After he was released from the hospital, he was assigned to the Central Unit. *Id*.

Michael Edison was a grievance investigator at the relevant time and performed duties for the Jester III Unit Classification Committee (UCC). (Exh. B, Edison aff., p.1). In his role with the UCC, Edison is one of several people who make recommendations concerning inmates transfers. *Id*. Edison does not have a final say in inmate transfers, either individually or as part of the Jester III UCC. *Id*. The UCC is not involved in medical transfers. *Id*. Edison has never participated in any transfer recommendation concerning Plaintiff. Patricia Corona is a unit property officer and has nothing to do with prisoner transfers. (Exh. C, Corona aff., p.1). Corona did not know Plaintiff until he filed this lawsuit and was never aware of any problem that Plaintiff had with her. *Id*.

The Defendants summary judgment evidence shows that Plaintiff's unit transfer was done for medical reasons and that neither Corona nor Edison was personally involved in any transfer decision underlying either of Plaintiff's retaliation claims. The Defendants also show the absence of a retaliatory motive by Corona and Edison. *See Whittington v. Lynaugh*, 842 F.2d 818, 819 (5th Cir.), *cert. denied*, 488 U.S. 840 (1988) (a plaintiff must present facts showing a retaliatory motive or the alleged conduct must itself raise an inference of retaliation to support claim); *see also Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (a plaintiff "must .... be prepared to establish that *but for* the retaliatory motive the complained of incident .... would not have occurred.") (emphasis added).

The summary judgment evidence shows the absence of genuine issue of material fact that retaliation by Edison or Corona caused either transfer. Nothing in the record raises a genuine issue of material fact that Senior Warden Chaney or TDCJ Director Johnson was personally involved in Plaintiff's transfers or retaliated against Plaintiff by having him transferred.

Defendants also maintain that they are entitled to qualified immunity. The doctrine of qualified immunity shields public officials acting within the scope of their authority from civil liability. *See Harlow v. Fitzgerald*, 457 U.S. 800, 815-19 (1982). "The threshold inquiry a court must undertake in a qualified immunity analysis is

3

whether plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002).

Based on the complaint and the testimony at the *Spears* hearing, this Court determined Plaintiff's two claims of retaliatory transfers did not lack an arguable basis in law. Plaintiff meets the first hurdle under a qualified immunity analysis. The next part of the analysis is whether the constitutional right underlying the claims was clearly established. *See Saucier v. Katz*, 533 U.S. 194, 201(2001).

It is undisputed that the general right to be free from retaliation was clearly established at the time of the incidents underlying Plaintiff's retaliation claims. *See McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998) (a prisoner may prevail on a retaliation claim if he shows (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his exercise of that right, (3) a retaliatory adverse act, and (4) causation). However, it is not sufficiently clear that a transfer within a prison unit or to another unit without other consequences is a retaliatory adverse act. A prisoner has no constitutional right to avoid a transfer from one unit to another, much less a transfer within a unit. *See Meachum v. Fano* 427 U.S. 215, 225 (1976). This is so even when the new location or new unit is more severe and has harsher conditions. *Id.* ("That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is

implicated when a prisoner is transferred to the institution with the more severe rules.").

The law concerning the constitutional right must be "sufficiently clear [so that] a reasonable official would understand that what he is doing violates that right." *Hope*, 536 U.S. at 739. Alternatively, the "unlawfulness must be apparent." *Id*. This Court is persuaded the Defendants did not have fair or reasonable warning sufficient to defeat the qualified immunity defense on the clearly-established-right element.

The final element in a qualified immunity analysis is to decide whether the defendant's conduct was objectively reasonable under the circumstances in light of clearly established law. *See Thompson v. Upshur County, Tex.*, 245 F.3d 447, 457 (5th Cir. 2001). "If an officer makes a reasonable mistake as to what the law requires, the officer is entitled to immunity." *Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001) (*citing Saucier v. Katz*, 533 U.S. 194 (2001). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Assuming the Defendants caused Plaintiff to be transferred (which has not been shown), the summary judgment record does not raise a genuine issue of material fact that the Defendants' conduct was objectively unreasonable.

Because the record shows the absence of a genuine issue of material fact that the Defendants violated a clearly established constitutional right and the absence of a genuine issue of material fact that the Defendants' conduct was objectively

unreasonable, the Defendants are entitled to qualified immunity on Plaintiff's claims concerning retaliatory transfers.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Defendants have shown the absence of a genuine issue of material fact on Plaintiff's pending retaliation claims.  The burden has shifted to Plaintiff to establish a genuine issue of material fact on the substance of his claims and on the qualified immunity defense.  As explained below, Plaintiff's pleading filed in response to the summary judgment motion does not raise a genuine issue of material fact on these claims.

### III. PLAINTIFF'S MOTION AND SUMMARY JUDGMENT RESPONSE

Plaintiff's handwriting is extremely small in his motion—he squeezed five lines of cursive writing in a horizontal space of approximately one-half inch in his Motion for Denial and Court Assistance in Presenting of Evidence in Opposition to Defendants' Motion for Summary Judgment (Docket Entry No. 39).  For all practical purposes, Plaintiff's handwriting is illegible.  At the very best it is extremely difficult to read.  However, this Court was able to discern some of the contents of Plaintiff's motion and summary judgment response.  The Court achieved this only because a member of the Court's staff magnified a copy of the motion on a copy machine.

It appears that Plaintiff states as follows in his motion and summary judgment

response:

(I)[1] Plaintiff demands a jury trial.

(II) Plaintiff has the authority to "pierce the pleadings of the Defendants." The Defendants have made arguments supported by known false and perjured testimony and have affidavits made in bad faith, presumably in their summary judgment motion. Plaintiff, however, has clear and convincing evidence.

(III) Summary judgment is not appropriate based on false and perjured testimony. Defendants used illegal tactics in confiscating Plaintiff's legal material. Plaintiff has 80 exhibits to controvert Defendants' false pleadings. Defendants wrongfully assumed that Plaintiff would rest on his averments in his pleadings to present an issue.

(IV) Plaintiff is under restraint of the state. Plaintiff's prison unit is on lockdown. Plaintiff has not been allowed to purchase legal materials since June 26, 2004.

(V) Plaintiff moves for a "stay concerning the time for new parties."

Plaintiff has not raised a genuine issue of material fact on his claims, otherwise overcome Defendants' summary judgment showing, or given a valid basis to refrain from granting summary judgment.

---

[1] Plaintiff's paragraph numbering.

Plaintiff is WARNED that his assertion that "Defendants have made arguments supported by known false and perjured testimony and have affidavits made in bad faith" is scandalous and is subject to being struck under FED.R.CIV.P. 12(f). *See Alvarado-Morales v. Digital Equipment Corp.*, 843 F.2d 613, 617-18 (1st Cir. 1988) (where plaintiff's pleading impugned the character of the defendants the appeals court noted "a court has considerable discretion in striking any scandalous matter" under FED.R.CIV.P. 12(f)).

## IV. PLAINTIFF'S PLEADINGS

As stated above, Plaintiff's handwriting in this case is extremely small to the point of being illegible. Plaintiff's handwriting in this case, specifically in his summary judgment response, is wanting. In a prior order in this case this Court ordered as follows:

> Any response by Plaintiff to any summary judgment motion and any other papers filed in this case must be typed or printed legibly (not cursive), double-spaced (*i.e.*, handwritten lines of writing must be separated by distance equal to the height of the written lines), contain one-inch margins on all four sides of the page (*i.e.*, no writing on any of the four edges of the page), and if handwritten be written in black or blue ink, not pencil. .... Any pleadings filed in violation of these directives will be automatically stricken without further notice and of no force and effect in this lawsuit. Any response by Plaintiff to any summary judgment motion must substantively respond to the summary judgment motion and must be

to the point.

[Docket Entry No. 19]. It is also deficient because it is in violation of this Court's prior order in several respects: illegibility, lack of adequate space between written lines, and lack of adequate margins. These inadequacies alone render Plaintiff's summary judgment response subject to being to being "stricken without further notice and of no force and effect in this lawsuit," as this Court warned Plaintiff. It is also subject to being stricken because Plaintiff did not respond substantively to the summary judgment motion.

Plaintiff has filed twelve other lawsuits in this court, six of which are currently pending. *See Bilbrew v. Wilkinson*, H-05-0130 (open); *Bilbrew v. Lorimer*, H-05-0365 (open); *Bilbrew v. Dretke*, H-05-0606 (closed); *Bilbrew v. Anderson*, H-05-1280 (open); *Bilbrew v. Johnson*, H-05-1598 (open); *Bilbrew v. Washington*, *et al.*, H-04-2156 (closed); *Bilbrew v. Dretke*, H-03-3380 (closed); *Bilbrew v. Wright*, H-04-3500 (closed); *Bilbrew v. Dretke*, H-04-3509 (closed); *Bilbrew v. Dretke*, H-04-3522 (closed); *Bilbrew v. Dretke*, H-04-4123 (open); and *Bilbrew v. Laird*, H-05-2071 (open). Many of his pleadings in these other cases suffer from the same handwriting deficiencies found in this case.

Plaintiff is ORDERED to legibly and clearly print all words in his pleadings so that they can be read without magnification. Plaintiff is ORDERED to not use cursive

27

handwriting, to print all letters and characters large enough so that there are no more than two lines of writing per inch of horizontal space, to double space between each line of writing, and to print letters and characters that are at least twice as large as the letters and characters in his Motion for Denial and Court Assistance in Presenting of Evidence in Opposition to Defendants' Motion for Summary Judgment, filed on March 1, 2005.   Plaintiff must write all motions and other pleadings on one side of the paper only.  This Court reminds Plaintiff of its prior order that his pleadings "contain one-inch margins on all four sides of the page (*i.e.*, no writing on any of the four edges of the page), and if handwritten be written in black or blue ink, not pencil."

Any future pleading filed by Plaintiff in this case which: (1) is similar to the handwriting in Motion for Denial and Court Assistance in Presenting of Evidence in Opposition to Defendants' Motion for Summary Judgment so that the pleading is illegible, (2) is otherwise illegible, or (3) is in violation of any directive in any order in this case will be stricken without further notice and of no force or affect in this case. Plaintiff is WARNED that serious violations of these directives may result in other sanctions.

Plaintiff is ADVISED that he should follow all directives in this order and in other orders in this case in all future pleadings in all of his cases pending in the U.S. District Court for the Southern District of Texas and in all other federal courts, and in

all pleadings in any future cases filed by Plaintiff in the federal courts. Plaintiff is WARNED that any violations of these directives in other cases now pending in federal court or filed in the future may result in the STRIKING of the pleadings or in other SANCTIONS against Plaintiff, within the discretion of the presiding judge.

## V. CONCLUSION

Defendants Corona and Edison have shown they are entitled to summary judgment on Plaintiff's pending claims and the record shows that Defendants Chaney and Johnson are entitled to summary judgment on Plaintiff's pending claims. Defendants Corona and Edison have also shown they are entitled to qualified immunity on Plaintiff's pending claims. This entitles Corona and Edison to the protective order they seek. Plaintiff has not overcome these showings in his summary judgment response or otherwise. Furthermore, Plaintiff's summary judgment response is deficient and unavailable to defeat Defendants' summary judgment showings because it is illegible and subject to being stricken because it violates an order of this Court. However, in an abundance of caution, this Court will give Plaintiff another chance to respond to the summary judgment motion. Accordingly, Plaintiff is ORDERED to file any further response he has to the Defendants' Motion for Summary Judgment, including the summary judgment record showing that Chaney and Johnson are entitled to summary judgment, within ten days of entry of this order. Plaintiff will not

incorporate by reference the complaint or other pleadings in his response. Plaintiff will respond to the Motion for Summary Judgment to the best of his knowledge and ability based on the facts on which he based his two pending claims of retaliation and based on the facts and whatever resources (including records, materials, law library and other legal materials) are available to him when he prepares his response.

Defendants Edison and Corona's Motion for Summary Judgment (Docket Entry No. 32) is DENIED without prejudice to reconsideration after the ten-day time limit has expired. Plaintiff's Motion for Denial and Court Assistance in Presenting of Evidence in Opposition to Defendants' Motion for Summary Judgment (Docket Entry No. 39) is DENIED. All other pending motions and requests for relief are DENIED as moot.

SIGNED at Houston, Texas, on this 27th day of June, 2005.

*David Hittner*

_____

DAVID HITTNER

United States District Judge